Jin ZHOU, Petitioner,

v.

John ASHCROFT, Attorney General, Respondent.

No. 02–72892.

Agency No. A77–309–482.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 4, 2003.

Decided Dec. 11, 2003.

Farah Loftus, Law Office of Farah Loftus, Los Angeles, CA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of

the District Counsel, Department of Homeland Security, San Diego, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Michelle R. Slack, Paul Fiorino, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before TASHIMA, THOMAS, and SILVERMAN, Circuit Judges.

## MEMORANDUM *

Jin Zhou, a native and citizen of China, petitions for review from a decision of the Board of Immigration Appeals ("BIA") denying him relief from removal to China. Zhou applied for asylum, withholding of deportation, and protection under the Convention Against Torture ("CAT"). He claimed that he had been persecuted by the government when he attempted to prevent the police from arresting his pregnant aunt and subjecting her to a forced abortion. We have jurisdiction under 8 U.S.C. §§ 1252(a)(1), (4); we grant the petition for review, and we remand for further proceedings. As the parties are familiar with the facts, we recite them only as necessary.

The Immigration Judge ("IJ") originally granted Zhou's application for asylum, and thus found it unnecessary to rule on his applications for withholding of removal and protection under CAT. The INS appealed the IJ's grant of asylum, and the BIA reversed and remanded for further consideration of Zhou's claims for withholding of deportation and for relief under CAT. On remand, the IJ denied Zhou's remaining applications for withholding and CAT relief. Zhou appealed to the BIA, and the BIA affirmed. We review the BIA's deci-

sion regarding a petitioner's eligibility for asylum, withholding of deportation, and relief under CAT under the substantial evidence standard, *see Singh v. INS,* 134 F.3d 962, 966 (9th Cir.1998), and may thus reverse the BIA only if the evidence presented to the Board was so compelling that no reasonable factfinder could fail to reach a contrary conclusion, *see INS v. Elias–Zacarias,* 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

## I

■ The BIA's conclusion that Zhou was not eligible for asylum on the basis of past persecution was not supported by substantial evidence. The evidence conclusively established that Zhou was arrested and mistreated for interfering with police efforts to take his aunt forcibly for an involuntary abortion. Under 8 U.S.C. § 1101(42), a person who is persecuted for resistance to a coercive population control program is deemed to have been persecuted on account of political opinion. There was compelling evidence in the record that the police inflicted "suffering or harm" upon Zhou "on account of" his act of political opposition to China's birth control policies, sufficient to amount to persecution. *Fisher v. INS,* 79 F.3d 955, 961 (9th Cir. 1996); *Ghaly v. INS,* 58 F.3d 1425, 1431 (9th Cir.1995).

Evidence of "suffering or harm" was clear. The police broke into Zhou's home, beat him when he tried to stop them from taking his aunt, arrested him, detained him for between 10 and 14 hours in a "small room," handcuffed and shackled him, slapped and threatened him, and then shocked him with an electric baton. There was also substantial evidence that officials caused Zhou suffering "on account of" his

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

political opposition to the birth control policy. During Zhou's detention, the police told him to "admit his mistake;" they also said that if he ever hid a pregnant woman again, his punishment would be "more serious." In testimony the IJ found credible and the BIA did not challenge, Zhou said that the police had charged him with "illegally hiding his aunt." Zhou's school principal warned Zhou not to oppose the birth control policy, and then tried to force him to do "self-criticism" at a public meeting. When Zhou refused, the principal expelled him from school.

The BIA decided that "[R]espondent's arrest and brief detention were a result of his combative behavior towards the officers, and not on account of the birth control policies in China." We have held, however, that the asylum statute covers persecution on account of political opinion even where the persecutor acts out of mixed motives. *Borja v. INS*, 175 F.3d 732, 735 (9th Cir.1999) (en banc). The protected ground need not be the sole motive for the persecution; it need only constitute one of the motives for the persecution in question, as it clearly did here.

█ The evidence thus compels the conclusion that Zhou suffered past persecution on account of his opposition to China's birth control policies, and that he is entitled to a presumption of a well-founded fear of future persecution if he were to return to China. We remand in order that the Board can undertake the type of "individualized assessment of [the applicant's] situation ... necessary to refute the presumption." *Osorio v. INS*, 99 F.3d 928, 932–33 (9th Cir.1996); *see also Ventura v. INS*, 317 F.3d 1003, 1005 (9th Cir.2003).

## II

█ Zhou also presented compelling evidence of a "subjectively genuine" and "objectively reasonable" fear that there was at least a ten percent chance he would be subjected to persecution in the future, were he to return to China. *Fisher*, 79 F.3d at 960; *see INS v. Cardoza–Fonseca*, 480 U.S. 421, 107 S.Ct. 1207, 94 L.Ed.2d 434 (1987). The police had told him he would have "trouble" if he kept hiding pregnant women illegally and opposing the birth control policy. The police had come looking for him at his home after the arrest, and after he had put up a poster on the bulletin board outside the Family Planning Bureau that decried the "one-child" policy. Zhou's fear of being caught led him to hide out at his relatives' home two hours away, before he left the country for America.

## III

█ Zhou was subjected to persecution, such that his "life or freedom was threatened." He is therefore also entitled to a presumption of entitlement to withholding of deportation. *Duarte de Guinac v. INS*, 179 F.3d 1156, 1164 (9th Cir.1999). On remand, therefore, the INS may also seek to rebut this presumption by showing by a preponderance of the evidence that country conditions have changed, such that Zhou is no longer likely to be persecuted. *Ventura v. INS*, 317 F.3d 1003, 1005 (9th Cir.2003). As Zhou is entitled to a presumption of a well-founded fear and a presumption of entitlement to withholding of deportation, we do not reach his claim for recovery under CAT.

PETITION GRANTED; REMANDED FOR FURTHER PROCEEDINGS.